IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| GE COMMERCIAL FINANCE BUSINESS PROPERTY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 4:08-CV-00137-CDL |
| v. | ) ) | |
| WILLIAM T. HEARD, JR., individually and HEARDCO, L.P., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' REQUESTS FOR JURY TRIAL**

COMES NOW **WILLIAM T. HEARD, JR. (herein "Defendant Heard")** and **HEARDCO., L.P. (herein "Defendant HeardCo"),** sometimes referred to collectively as "Defendants", and makes the within Memorandum in Opposition to Plaintiff's Motion to Strike Defendants' Request for Jury Trial, which Motion was filed by GE Commercial Finance Business Property Corporation (herein "GE CFBPC" or "Plaintiff").

**I.      NOTE CONCERNING DUE DATE FOR RESPONSE**

Plaintiff's Motion was served on December 16, 2008, electronically, to all for a response on January 8, 2009. At the Rule 16 conference on December 30, 2008, the parties agreed the response could be filed on January 9, 2009, at the same time as response in a parallel case General Electric Capital Corp. v. William T. Heard, Jr., Civ. Action No. 4:08-CV-00138-CDL.

Defendant's counsel, Whiteside, failed to obtain approval from the Clerk on January 8, 2009. Defendant begs the Court's indulgence to honor the parties' agreement.

## II.  **OBJECTION.**

GE CFBPC offers as part of its Statement of Facts and Procedure History section of its Memorandum of Law in Support of Plaintiff's Motion to Strike Defendants' Requests for Jury Trial ("Defendants' Motion") a number of factual statements which are not properly supported in the record. To the extent that any factual statement contained in the Statement of Facts and Procedural History section of the Plaintiff's Memorandum is without support in the record and the Defendants object to it.

## III.  **MATERIAL FACTS.**

As can be established from the record, the fact pattern as is material to the resolution of this Motion is simple:

(a) Defendant Heard executed guarantees for loans obtained by Defendant HeardCo from GE CFBPC, two related to properties in Georgia and one related to property in Florida; Complaint ¶7, 9; Answer ¶1

(b) at least with respect to the loans related to the Georgia properties, the loan documents contain a choice of laws provision that applied Georgia law as the relevant law for construing the instruments; Complaint ¶14 (Exhibit "E"); ¶23 (Exhibit "I"); Answer ¶1

(c) the loan documents also contained conspicuous waivers of jury trial rights by which Defendants agreed, in advance of litigation, to bench trial on all issues; Complaint ¶7 (Exhibit "A"); ¶14 (Exhibit "E"); ¶23 (Exhibit "I"); Answer ¶1

(d) the loan documents were prepared and supplied by GE CFBPC and Defendants were not allowed the opportunity to negotiate any of the provisions of the loan documents. Affidavit and Opposition to Plaintiff's Motion to Strike Defendants' Request for Jury Trial (J. Barrington Vaught) ("Vaught Affidavit").

(e) If Defendant was to receive the benefit of the loans he had no other choice but to execute the documents as offered to him.  Vaught Affidavit.

(f) HeardCo defaulted on the loans and GE CFBPC brought suit against Defendants, who answered raising, among other things, issues pertaining to the amount of the debt to be assessed against them.  Complaint ¶11, ¶18, ¶26; Answer ¶1

## IV. THE ISSUES.

The Plaintiff's Memorandum sets up two discrete issues of law which are before the Court for determination.

First, with respect to the loans which are controlled by Georgia law, does Georgia law, which invalidates contractual provisions providing for a bench trial and waiving a jury trial, bind the District Court in determination of whether or not Defendants are entitled to a jury trial on issues under those loans?  The Defendants assert this question must be answered in the affirmative.  Whether the waiver is enforceable in the first instance is a matter of substantive law and not a matter of procedural law and Georgia law must be applied.

Second, assuming *per argumentum* that Georgia law invalidating jury trial waivers does not apply, then has the Plaintiff made its burden of proof to establish that the jury trial waiver was executed knowingly and voluntarily?  The Defendant asserts that this question must be

answered in the negative, so that if the jury trial issue is a matter of procedural rather than substantive law, Plaintiff's Motion must be denied.

## V. ARGUMENT OF THE LAW

### A. Georgia law applies with respect to the two loans controlled by Georgia law in determination as to whether the pre-litigation jury trial waiver is enforceable.

The starting point for discussion of jury trial right in Federal District Court is U. S. Constitution which provides as follows:

> "In suits at common law, where the value is controversy shall exceed $20.00, the right of trial by jury shall be preserved, and no fact tried by jury, shall otherwise be re-examined in any court of the United States, than according to the rules of common law." U.S. Const., Amend 7.

Federal Rules of Civil Procedure which regulate trials in Federal District Court are drafted in a way to preserve that right:

> "The right to trial jury as declared by the Seventh Amendment to the Constitution - or as provided by a Federal statute - is preserved to the parties inviolate"  Fed. Rule Civ. Pro. 38(a).

The Plaintiffs' cite to Simler v. Conner, 372 U.S. 221 (1963) as primary authority for the proposition that even though the "substantive dimension" in the claim brought in District Court must be determined under State law, the right of jury trial must be determined as a matter of Federal law.  This is certainly true.  In Simler v. Conner, the Supreme Court had to determine whether or not the claim was "legal", such as to require the extension of a jury trial right under the Seventh Amendment of the United States Constitution, or "equitable", such that no jury trial right was to be extended.  The Supreme Court determined, as a matter of law, that the

Page **4** of **13**

determination as to whether the cause of action was "legal" or "equitable", in a diversity case, had to be made according to Federal standards and not by State standards.

In Simler v. Conner the Supreme Court wrote the following:

> " The Federal policy favoring jury trials is of historic and continuing strength. [citations omitted]. Only through a holding that the jury trial right is to be determined according to Federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved.  In diversity cases, of course, the substantive dimension of the claim asserted finds its source in State law [citations omitted], by the characterization of the State created claim is legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to Federal law"

Simler v. Conner, 222.

As can be seen from the foregoing, the policy to which Simler v. Conner was directed, was preserving the jury trial right not eliminating it.

However, these legal principles apply with some difficulty in the context of contractual jury trial waivers.  Is it also axiomatic that a jury trial may be waived and indeed Fed. Rule Civ. Pro. 38(d) specifically provides for a waiver of a jury trial right on consent of the parties.  Baylis v. Travelers' Insurance Company, 113 U.S. 316 (1885), cited by the Plaintiff, is a simple re-statement of this basic concept.  However, the effect of a **pre-litigation** agreement to a bench trial or waiver of a jury trial is problematic in the context of Federal District Court litigation.

This issue ordinarily comes up in the context of diversity actions where the subject matter is a contract that provides for a jury trial waiver and state law provides for the unqualified enforceability of contractual waivers.  Cf. RDO Financial Services Co., v. Powell, 191 F. Supp. 2d, 811, 812-813, FN4, where it is noted that with only one exception, Georgia state law makes jury trial waivers enforceable.  Consequently, most Federal District Court opinions concerning

pre-litigation jury trial waivers deal with diversity cases in which the State law would stop discussion about the availability with the four corners of the contract. E.g., First Source Bank v. Ryan Contracting Company, 2008 WL 2002228 (M.D. Ill. 2008)  These cases come up in the context of a defendant asking for a jury trial in Federal District Court where there is a pre-litigation waiver which, under State law, would afford him no jury trial in State Court.

In First Source Bank v Ryan Contracting Company, for example, Indiana law was such to enforce jury trial waivers, and the defendants attempted to avoid the jury trial waiver by resort to Federal law that provided for jury trial, even where there are enforceable waivers, where the waiver was not knowingly and voluntarily given.

Understandably, there is a split in the circuits on how Federal District Court should resolve the issue.  IFC Credit Corporation v. United Business and Industrial Federal Credit Union, 512 Fed.3d 989, 994 (7th Cir.  2008).

The Second Circuit, Fourth Circuit, Sixth Circuit and Tenth Circuit have adopted a rule consistent with that urged by the Plaintiffs here that an otherwise enforceable through trial waiver is enforceable only if it is proved that the jury trial waiver was knowingly and voluntarily given. Telum, Inc. v. EF Hutton Credit Corporation, 859 Fed.2d 835, 837-838 (10th Cir. 1988); Leasing Service Corp. v. Crane, 804 Fed. 2d, 828, 832 (4th Cir. 1986); KMC Co., Inc. v. Irving Trust Company, 757 Fed. 2d, 752, 755-57 (6th Cir. 1985); National Equipment Rental, Ltd. v. Hendrix, 565 Fed.2d 255, 257-58, (2nd Cir. 1977)

At least one circuit, the Seventh Circuit, has held that the determination of a pre-litigation jury trial waiver is enforced by the Federal District Court, without further consideration, if State law makes such an agreement enforceable.   See IFC Credit Corporation v.  United Business and

Page **6** of **13**

Industrial Federal Credit Union, 512 F.3rd 989 (7th Cir. 2008). As stated by the Seventh Circuit in that case,

> "For the reasons we have given, we hold that state law governs the validity of a bench trial agreement in a case under diversity jurisdiction, and that the clause at issue here is enforceable under the UCC."

IFC Credit Corporation v. United Business and Industrial Federal Credit Union, 994.

This analysis becomes even more problematic in the context of prejudgment jury trial waiver to be enforced as a matter of Georgia law, which is the case with two of the three loans in issue in this civil action. The Georgia Supreme Court has held, squarely, as a matter of public policy, that a pre-litigation jury trial waiver is simply not enforceable under Georgia law. In Bank South, NA v. Howard, 264 Ga. 339, 444 SE 2d 799 (1994), the case which is factually analogous to this one, the Defendant executed a guarantee of a corporate debt and the plaintiff filed suit against him. The guarantee contained a plain waiver of a jury trial right, which the plaintiff attempted to enforce by moving to strike the defendant's jury trial demand. Relying on Georgia constitutional law, guaranteeing a right to a jury trial, in Georgia statutory law, forbidding contractual confessed judgment, the Court ruled that such a provision is not enforceable as a matter of Georgia law. As expressed by the Georgia Supreme Court:

> " Given the similarities of waivers of jury trial and the confessions of judgment, and considering the magnitude of the rights involved and the probability of abuse, that exist in both situation, waivers of jury trial are sufficiently analogist to confessions of judgment that the same rule should apply. Accordingly, we hold, as stated above, that the pre-litigation contractual waivers of the right to jury trial are unenforceable in cases tried under the laws of the State of Georgia." 264 GA. 340-341.

With all due respect to counsel for the Plaintiff, the Eleventh Circuit is not ruled on the enforceability of a pre-litigation jury trial waiver controlled by Georgia law.

The Defendant has located but two Eleventh Circuit authorities for which the Court was presented with pre-litigation jury trial waivers,

In <u>Bakrac, Inc. v. Villiager Franchise Systems, Inc.</u>, 164 Fed. Appx. 820, 2006 W.L. 41282 (11th Cir. 2006), the plaintiff was a hotel owner and franchisee of the defendant. The plaintiff brought suit under various federal and state legal theories and the defendant, franchisor, counterclaimed under various state and federal theories. 164 Fed. Appx. 823. By parties' agreement, the Court applied New Jersey law. 164 Fed. Appx. 824. After examining the jury trial waiver in the context of the "knowing and voluntary" analysis urged by the plaintiff, the Eleventh Circuit held that the plaintiff in that case had validly waived his jury trial right and the matter could have proceeded to trial as a bench case. This case is factually distinguishable, however, because here at least two of the three sets of loan documents, Georgia law applies, and Georgia law, unlike New Jersey law, makes pre-litigation jury trial waivers unenforceable.

In <u>Caley v. Gulf Stream Aerospace Corp.</u>, 428 Fed. 3rd 1359 (11th Cir. 2005), plaintiff employees brought suit against the defendant employer under the Fair Law of Standards Act, the Age Discrimination and Employment Act and the Employee Retirement Income Security Act, and the defendant employer attempted to assert an alternative dispute resolution policy in grafted into the employment contract, which provided for arbitration of employee disputes. Georgia's then was applicable to the policy. The plaintiff employees argued, citing to <u>Bank South v. Howard,</u> that the arbitration clause amounted to a jury trial waiver which could not be enforced. <u>Caley v. Gulf Stream Aerospace Corp.</u>, p. 1374, Fn. 15. The Eleventh Circuit distinguished,

Bank South v. Howard, by noting that this was a case concerning the enforceability of a jury trial waiver and not an arbitration agreement and the Court simultaneously noted that in other cases, specifically Wise v. Tidal Const. Co., Inc., 261 Ga. App. 670, 583 SE 2d 466 (2003), the Georgia courts have upheld arbitration agreements even though they have the effect of waiving jury trials.  This opinion, therefore, strongly suggests that if, for whatever reason, the Georgia courts had invalidated arbitration agreements, different results would have obtained.

The Defendant respectfully submits that the Eleventh Circuit would rule that at least to the respect to the loans governed by Georgia law, there is no enforceable jury trial waiver.  As cogently stated by Texas Federal District Court in RDO Financial Services Company v. Powell, at p. 812, it is "axiomatic" that "an enforceable jury waiver must exist in order to relinquish the right... ."  Under Georgia law there is no enforceable pre-litigation jury trial waiver and therefore, no reason for the Court to make a determination as to whether one is knowing and voluntarily made Federal law.

**B.** **Assuming *per argumentum* that Georgia law is not dispositive for the loans to which Georgia law applies and concerning the one loan where Georgia law does not apply, the Plaintiff has failed to meet its burden to show that Defendant knowingly and voluntarily waived rights to a jury trial.**

Where the Court must determine whether or not a pre-litigation jury trial waiver was made knowingly and voluntarily, the Court should consider the following:

1. The conspicuousness of the waiver provision;

2. The parties' relative bargaining power;

3. The sophistication of the party challenging the waiver; and

4.      Whether the terms of the contract were negotiable.

Bakrac, Inc. v. Villiager Franchise Systems, Inc., 164 Add. Appx. 823.  The Defendant notes that this is not materially different from the test urged by the Plaintiff.

Where the Plaintiff and the Defendant disagree is on the application of this to the jury trial waiver contained in the loan documents governed under Florida law.

There is a split among the circuits on who has the ultimate burden of showing that the waiver was knowing and voluntary or not.  Hansson v. Cook, 2005 W.L. 597614 (N.D. Fla. 2005) *2, citing cases.  As noted by the Plaintiff in its Memorandum, the Eleventh Circuit made no decision on this question, finding it unnecessary to resolve it in Barack, Inc. v. Villiager Franchise Systems, Inc.  See  National Mutual Casual Insurance Company v. Ipsco Steel (Alabama), Inc., 2008 W. L. 4183345, *1 (2008).   However, it is settled that there is a presumption that the pre-litigation jury trial waiver should not be enforced.   See National Mutual Casual Insurance Company v. Ipsco Steel (Alabama), Inc., *2, citing to Aetna Insurance v. Kennedy to Use of Bogash, 301 U.S. 389, 393 (1937).

Therefore, whether the approach taken is articulated in the terms of a proof burden placed on the Plaintiff, or articulated in terms of overcoming a presumption, it appears that the proper approach is to place the responsibility on the party planning the benefit of the waiver to establish that it is valid.  See, RDO Financial Services Company v. Powell, 191 F. Supp. 2d 811, 813 - 814

(N.D. Tx. 2002), noting that a majority of Federal Courts placed the burden on the party claiming the benefit of the waiver. [1]  This is the approach the Defendant submits applies.

The Plaintiff suggests that if there is a burden on the Plaintiff, seeking the enforcement of a jury trial waiver, to prove the waiver was knowing and intentional, there is still a burden on the Defendant to bring some evidence forward on that issue.  The Defendant does not disagree, and believes that he has met that burden.

In the instant case, the only admissible evidence to support the enforceability of the jury trial waiver properly put in evidence by the Plaintiff, is that the jury trial waiver was conspicuous, and that the Defendant were represented by counsel, both of which facts are not disputable.

However, there is no admissible evidence concerning the validity of the relative sophistication of the parties, or on their relative bargaining position.  The Vaught Affidavit is to the affect that the Defendants had no ability to negotiate the terms of the contract, and that the loans were completely conditional on the execution of the contracts in the forms presented by the Plaintiff.  Defendants had no choice on what they were to sign and no effective bargaining power on the issue.

Since the Plaintiff fails in its burden of proof, even if Georgia law, which creates a rule that jury trial waivers are absolutely invalid, does not apply, nevertheless, jury trial waivers cannot be sustained.

---

[1] In declining to make a determination of who has the burden, the Eleventh Circuit in Bakrac, Inc. v. Villiager Franchise Systems, Inc., Fed. Appx. 824, Fn. 1, approved the assumption of the burden by the party receiving the benefit of the waiver at the trial below. The defendant has located no other Eleventh Circuit authority, circuit level or below, where the burden was placed on the party seeking to invalidate the jury trial waiver.

**VI.     SUMMARY.**

In summary, the District Court should overrule the Plaintiff's Motion and determine the jury trial waivers cannot be enforced at least with respect to the loans governed by Georgia law and that the Defendant is entitled to a jury trial.

This 9th day of January, 2009.

| | |
|---|---|
| /s/ Steven D. Altmann | /s/ Fife M. Whiteside |
| STEVEN D. ALTMANN | FIFE M. WHITESIDE |
| GA Bar No. 014051 | GA Bar No. 756025 |
| Najjar, Denaburg, P.C. | Fife M. Whiteside, P.C. |
| 2125 Morris Avenue | P.O. Box 5383 |
| Birmingham, AL 35203 | Columbus, GA 31906-0383 |
| 205-250-8400 | 706-320-1215 |
| saltmann@najjar.com | whitesidef@mindspring.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GE COMMERCIAL FINANCE BUSINESS PROPERTY CORPORATION, ) ) ) | |
| Plaintiff, ) | Civil Action No. 4:08-CV-00137CDL |
| ) v. ) ) | |
| WILLIAM T. HEARD, JR., individually ) and HEARDCO, L.P., ) ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day served a true and accurate copy of the **Memorandum in Opposition to Plaintiff's Motion to Strike Defendants' Requests for Jury Trial,** by filing on ECF and as a courtesy, by mailing same U.S. postage prepaid on the following individuals or firms, who are counsel for all parties herein, and/or in the event a party is unrepresented, any party *pro se*, at the addresses set forth below:

Ernest L. Greer
Greenburg Traurig, LLP
3290 Northside Parkway, N.W., Suite 400
Atlanta, GA 30327

Michael E. Ross
Greenburg Traurig, LLP
3290 Northside Parkway, N.W., Suite 400
Atlanta, GA 30327

John D. Elrod
Greenburg Traurig, LLP
3290 Northside Parkway, N.W., Suite 400
Atlanta, GA 30327

This the 9th day of January, 2009.

/s/ Fife M. Whiteside
_____
FIFE M. WHITESIDE
Attorney for Defendants