IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **GE COMMERCIAL FINANCE BUSINESS PROPERTY CORPORATION,** ) ) ) ) | |
| Plaintiff, ) | Civil Action No. 4:08-cv-00137-CDL |
| ) v. ) ) | |
| **WILLIAM T. HEARD, JR., individually, and HEARDCO, L.P.,** ) ) ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' REQUESTS FOR JURY TRIAL**

COMES NOW, Plaintiff GE Commercial Finance Business Property Corporation (the "Plaintiff" or "GE") and files this its Reply to the Defendants' Memorandum in Opposition to Plaintiff's Motion to Strike Defendants' Requests for Jury Trial (the "Memorandum"). In support hereof, the Plaintiff states as follows:

**I.      INTRODUCTION**

Defendants William T. Heard, Jr. ("Heard") and Heardco, L.P. ("Heardco", and collectively with Heard, the "Defendants") raise no evidentiary or legal issue in their Memorandum that would warrant the denial of the Plaintiff's Motion to Strike Defendants' Requests for Jury Trial. Neither of the two arguments put forth by the Defendants here, that (i) Georgia law applies and prohibits a jury waiver and (ii) the Defendants' waiver was not knowing and voluntary, is controlling. Indeed, jury waivers are enforceable in federal court as a matter of federal (not state) law, and the undisputed

1

record in this case precludes the Defendants from denying that their jury waivers in favor of Plaintiff were not knowing and voluntarily.

It is well-established that federal procedural law governs whether or not a defendant is entitled to a jury trial in federal court. Regardless of whether the underlying loan and guaranty documents are controlled Georgia law or Florida law, both of which apply here, it is an issue of federal law as to whether the Defendants are entitled to a jury in this lawsuit. In their Memorandum, the Defendants argue that the case of *Bank South v. Howard,* 264 Ga. 339, 444 S.E.2d 799 (1994), prohibits the enforcement of jury trial waivers in loan documents governed by Georgia law in Georgia federal courts. Not only is this the wrong law to apply, but the Defendants' argument seeks to expand *Bank South* well beyond its actual holding. Moreover, *Bank South* itself is factually distinguishable from this case.

Further, there can be no question that the Defendants knowingly and voluntarily entered into the jury waivers at issue. The Defendants' arguments to the contrary have no legs. Heard and Heardco were formerly the principal and an operating entity, respectively, of one of the largest automobile retailing concerns in the United States. *See In re Bill Heard Enterprises, Inc., et al.*, U.S. Bankruptcy Court, N.D. Ala. Case No. 08-83029-JAC-11, Docket Entry No. 13 at ¶ 10. At its peak, the Heard organization had revenues of approximately $2.5 billion annually. *Id.* Moreover, Heard is a sophisticated commercial borrower, he was represented by counsel at the time of the transactions at issue in the Complaint, the waivers were prominently placed in the loan documents and the Defendants were free to avail themselves of financing available from other lenders.

For these reasons, discussed more fully below, this Court should strike the Defendants' Requests for a Jury Trial.

## II. LEGAL ARGUMENT

**A.  Federal procedural law, rather than Georgia state law, governs whether the jury trial waiver provision is enforceable.**

The U.S. Supreme Court and the Eleventh Circuit have unequivocally held that federal procedural law governs whether a litigant is entitled to a jury trial in federal court even in a diversity jurisdiction case.  *See Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963) (*per curiam*).

> Even though the "substantive dimension" of a claim brought in federal court may be governed by state law, "the right to a jury trial in federal courts is to be determined as a matter of federal law."

*Ford v. Citizens & Southern Nat. Bank, Cartersville*, 928 F.2d 1118 (11th Cir. 1991), *quoting Simler*, 372 U.S. at 222, 83 S.Ct. at 610, 9 L.Ed.2d 691 (1963) (*per curiam*); *see also Owens v. International Paper Co.*, 528 F.2d 606, 611 (5th Cir. 1976) (rejecting attempts to apply state procedural rules to the judge-jury relationship).[1]

In *Columbus Mills, Inc. v. Freeland*, 918 F.2d 1575, 1578-1579 (11th Cir. 1990), a diversity case involving a dispute over Georgia state corporate law, the Eleventh Circuit held that a litigant was not entitled to a jury trial on an attorneys' fees award issue because federal law did not provide for such a right.  In reaching its decision, the Eleventh Circuit noted:

> It is beyond dispute that in this diversity action, the substantive law to be applied is the corporate law of Georgia, while federal law governs the procedure.  *See Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).  Thus, Georgia law controls both the questions of the

---

[1] Under *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1210-1211 (11th Cir. 1981), decisions of the Fifth Circuit prior to October 1, 1981 are binding as precedent on all federal courts in the Eleventh Circuit.

> availability of attorneys' fees and the standards to determine when the attorneys' fees should be awarded. The Supreme Court, however, has held that federal law governs the right to a jury trial in federal courts in diversity actions. *Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963) (per curiam). The court in *Simler* extolled the virtues of the federal courts' applying one uniform law which governs whether there is a right to a jury trial. *Id*. at 222, 83 S.Ct. at 610. The court implicitly rejected the idea of applying state law as a rule of decision.

*Id.* at 1578.

Notably, the Defendants do not cite a single case where a federal court struck down a contractual jury trial waiver because it was unenforceable under state law. Indeed, GE submits that, based upon its research, no such authority exists.

Furthermore, the Defendants rely heavily on the holding of *Bank South*. The Defendants' reliance is misplaced for several reasons. First, *Bank South* involved the execution of a unilateral jury trial waiver by the defendant. In the instant case, the jury trial waiver provisions are mutual. Second, jurisdiction in *Bank South* resided in a Georgia state court as opposed to a federal court sitting in diversity. As such, the Georgia state court in *Bank South* applied Georgia law, which expressly holds that jury waivers are unenforceable. In this case, however, federal procedural law--under which jury waivers are enforceable--applies as jurisdiction resides in the federal court.

Likewise, *Caley v. Gulfstream Aerospace Corp*., 428 F.3rd 1359 (11th Cir. 2005), does not support the Defendants' argument that the *Bank South* decision applies to the instant case. The *Caley* decision involved the enforceability of an arbitration provision, not a jury waiver provision. *Id*. at 1364. Clearly, the Eleventh Circuit did not give any credence to the *Bank South* decision, except for highlighting that the holding applied to jury waiver provisions, and not to arbitration agreements. *Id*. at 1374 n 15. The Defendant's suggestion that *Caley* stands for the proposition that the Eleventh Circuit

4

would apply the *Bank South* ruling is not only a totally illogical and unsupported leap, but it also ignores Supreme Court and Eleventh Circuit established law regarding the governing federal law for jury trials in federal courts, particularly binding precedent in the Eleventh Circuit. *See, e.g., Simler, supra; Columbus Mills, supra; Ford, supra.* Indeed, the *Caley* court does not even mention this unbroken line of authority.

Following the *Simler* decision and its Eleventh Circuit progeny, the enforceability of the Defendants' jury trial waivers is determined by federal law, not Georgia law.

### B.  The Defendants' jury trial waivers were knowing and voluntary.

As noted in GE's original Memorandum, to determine whether a jury trial waiver was executed knowingly and voluntarily, federal courts look at five factors: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. *See, e.g., Allyn v. Western United Life Ins. Co.,* 347 F.Supp.2d 1246, 1251-1252 (M.D. Fla. 2004). Not all factors must be present or satisfied for a waiver to be valid. *Id.; see also Murphy v. Cimarron Mortg. Col,* 2007 WL 294229, No. 8:06-cv-2142-T-24 TBM at 2 (M.D. Fla. Jan. 29, 2007) (granting motion to strike jury demand because waiver provision in mortgage was conspicuous, in that it was (1) in its own paragraph, (2) in the same size font as the rest of the document, (3) not considered hidden within the document, and (4) stated in clear and unambiguous language that plaintiffs were waiving their right to a jury). The jury trial waiver provisions at issue here were conspicuous in the documents -- a point which even the

5

Defendants admit. Memorandum, p.10. This concession, in and of itself, entitles the Plaintiff to enforce the jury waiver. *See Murphy, supra*.

But even if the Court does not stop here, as it should, at a minimum the Defendants are not disputing that the jury trial waiver was knowing. Instead, the Defendants put all of their eggs in the basket of challenging whether GE has proved that they entered into the waivers voluntarily. The undisputed evidence before the Court forecloses any other finding.

In their Memorandum, the Defendants contend that there is no admissible evidence concerning the relative sophistication of the parties, or on their relative bargaining position. To the contrary, GE submits that the Court can take judicial notice of Heard's business acumen and sophistication since his prominence as a business leader and in community affairs is generally known in the territorial jurisdiction of this Court and his accomplishments are not subject to reasonable dispute.[2] *See* Federal Rule of Evidence 201. Notably, Heard offers no evidence to refute his obvious business acumen and sophistication.

The Defendants' attempt to avoid their jury waivers thus boils down to alleging that they were not given an opportunity to negotiate their terms . *See* Vaught Affidavit, ¶ 11 (Vaught testifies that "[n]either Defendant Heard nor Defendant HeardCo were [sic] given any opportunity to negotiate ... the Waiver Provision ..."). Even if true (and it should be noted that Vaught does not claim that the Defendants even *tried* to negotiate

---

[2] It is understood that Heard is a prominent and successful businessman in his home community. As his business grew in stature, Heard gained notoriety in his community, becoming a member of the Auburn University Foundation Board of Trustees and a major donor to civic causes in the Columbus area. *See* https://develop.auburn.edu/aufoundation/board.html. Heard's level of sophistication is well known in the Columbus community. *See, e.g.,* "Bill Heard Parkway Is Dedicated", *Columbus Times*, 5/28/2001.

6

these terms), the Defendants are still bound by the jury waivers. *See Bonfield v. AAMCO Transmissions, Inc.,* 717 F.Supp. 589, 596 (N.D. Ill. 1989) (AAMCO's stated unwillingness to accept contract changes - its "take it or leave it" position - did not vitiate Bonfield's jury waiver); *Seaboard Lumber Co. v. United States*, 903 F.2d 1560 (Fed Cir. 1990) (the bare fact that the contracts in question are "take it or leave it" offers by the government is not controlling on the jury trial waiver provision's validity).[3]

Moreover, the Defendants acknowledge that they were represented in the underlying transactions by counsel and have the benefit of an opinion on the transactions from counsel. *See* Vaught Affidavit ¶ 5. Vaught and Hatcher Stubbs gave an opinion letter regarding the real property transactions that the loan documents and guarantee "constitute legal, valid and binding obligations of borrower and guarantor, as applicable in accordance with their respective terms and provisions." Vaught Affidavit, ¶ 7. Now, Defendants' counsel, Mr. Vaught seeks to use his earlier advice to engage in the transactions, as a means to preclude the enforcement of the very documents and transactions he advised his client to enter into as well as opined as to their enforceability. Mr. Vaught cannot insulate the Defendants from the preclusive effect of this opinion by arguing that "[n]either the Deponent nor Hatcher-Stubbs opined specifically concerning the enforceability of the provisions of the loan documents providing for a waiver of the right to a jury trial." *See* Vaught Affidavit, ¶ 9. Unquestionably, GE, like any other

---

[3] GE respectfully notes that the Affidavit filed by J. Barrington Vaught [Docket Entry 18-2] makes several conclusory assertions regarding the conduct of GE's business (as well as the business of other lenders) of which he has no personal knowledge. A conclusory affidavit is insufficient to create an issue of fact. *See Armour & Co. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993) (conclusory affidavits insufficient basis to deny summary judgment). Specifically, Mr. Vaught asserts that jury trial waiver provisions are "never negotiable" yet he provides no support for this statement besides his experience as an attorney. For this statement to be true, Mr. Vaught would have to know the conduct of all lenders' affairs, including those of GE, everywhere and at all times. With all due respect to Mr. Vaught, GE submits that he cannot possibly possess the knowledge necessary to support this statement and the weight and sufficiency of the Vaught Affidavit should be discounted accordingly.

lender, relied on the Vaught/Hatcher-Stubbs opinion letter in extending credit to Heard. Without these opinion letters, the loans at issue in this lawsuit would not have been made.

It is also revealing that the Defendants do not, and cannot, deny that they could have reached out to other lenders and sought financing from sources besides GE. Indeed, GE is not a lender of last resort, and both Heardco and Heard had alternative sources of financing available to them. In fact, the businesses controlled by Heard, including the entities who have filed for bankruptcy protection in Alabama, have numerous creditors, including without limitation Columbus Bank & Trust, GMAC, LLC, BMW Financial Services N.A., LLC, JPMorganChase Bank, N.A. and Ashtar Finance Falcon II LLC. *See In re Bill Heard Enterprises, Inc., et al.*, U.S. Bankruptcy Court, N.D. Ala. Case No. 08-83029-JAC-11, Docket Entry No. 13 at ¶¶ 12 & 13. If the Defendants had reservations regarding the jury trial waiver provisions in the GE loan documents, they could have approached one of these lenders (or other lenders in the marketplace) for financing. They chose not to do so. The Defendants cannot now be allowed to disavow their own willing and voluntary choice.

Significantly, while Defendants' Memorandum is lengthy, they do not cite to a single decision in which a pre-litigation jury trial waiver was held to be invalid on the ground that it was not knowing and voluntary.

Finally, as matter of public policy, Heard should not be permitted to avoid the jury trial waiver that he freely executed. If the Court were to determine that Heard, the former CEO of one of the largest automobile retailers in the United States, did not knowingly and voluntarily enter into the jury trial waiver provision, despite its admitted

8

conspicuousness and his representation by counsel in entering into the guaranty, this would set a highly dangerous precedent for the entire commercial lending industry.

Based on the factors discussed herein, it is clear that the Defendants' execution of the jury trial waivers was knowing and voluntary, which was expressly acknowledged in the terms of the jury trial waivers themselves. To find otherwise, would require this Court to re-write the provisions of the Loan Documents and ignore the Defendants' agreements with GE when controlling law provides that jury waiver provisions are enforceable. As such, the Court should enforce the waiver provisions against Heard and hold him to his word.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Strike Defendants' Request for a Jury Trial, strike Defendants' Jury Demands, and provide such other and further relief as is just and proper.

Respectfully submitted this 29th day of January, 2009.

                                  GREENBERG TRAURIG, LLP

                                  /s/ Ernest L. Greer
                                Ernest L. Greer, Ga. Bar No. 309180
                                greere@gtlaw.com
                                Michael Eric Ross, Ga. Bar No. 615190
                                rossme@gtlaw.com
                                John D. Elrod, Ga. Bar No. 246604
                                elrodj@gtlaw.com

                                Attorneys for Plaintiff GE Commercial
                                Finance Business Property Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2009, I electronically filed the foregoing document *Plaintiff's Reply to Defendants' Response to Motion to Strike Defendants' Requests for Jury Trial* of same with the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF:

Fife Morris Whiteside, Esq.
P.O. Box 5383
Columbus, GA 31906-0383
whitesidef@mindspring.com

- and -

Steven D. Altmann, Esq.
Najjar, Denaburg, P.C.
2125 Morris Avenue
Birmingham, AL 35203
saltmann@najjar.com

*Counsel for Defendants*

GREENBERG TRAURIG, LLP

__/s/ Ernest L. Greer_____
Ernest L. Greer, Ga. Bar No. 309180
greere@gtlaw.com
Michael Eric Ross, Ga. Bar No. 615190
rossme@gtlaw.com
John D. Elrod, Ga. Bar No. 246604
elrodj@gtlaw.com

Attorneys for Plaintiff GE Commercial Finance Business Property Corporation