IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

GE COMMERCIAL FINANCE BUSINESS     *
PROPERTY CORPORATION and LEEWARD   *
STRATEGIC PROPERTIES, INC.,
                                   *
        Plaintiffs,                            CASE NO. 4:08-CV-137 (CDL)
                                   *
vs.
                                   *
WILLIAM T. HEARD, JR.,
individually, and HEARDCO, LP.,    *

        Defendants.                *
─────────────────────────────
                                   *
GENERAL ELECTRIC CAPITAL
CORPORATION,                       *

        Plaintiff,                 *     CASE NO. 4:08-CV-138 (CDL)

vs.                                *

WILLIAM T. HEARD, JR.,             *
individually,
                                   *
        Defendant.
─────────────────────────────     *


                        O R D E R

        These breach of contract cases arise from Defendants' alleged

defaults on several loans made by Plaintiffs.   Presently pending

before the Court are Plaintiffs' motions to strike Defendants'

requests for jury trial (4:08-CV-137 Doc. 17 & 4:08-CV-138 Doc. 12).

For the following reasons, the Court grants Plaintiffs' motions as to

the contract claim arising under Florida law and denies Plaintiffs'

motions as to the contract claims arising under Georgia law.

1

Plaintiffs' motions present an issue of first impression in this Circuit: whether Georgia state law, which nullifies pre-lawsuit jury trial waivers and thus expands the right to a jury trial, applies in a breach of contract action in federal court based upon diversity of citizenship.  The Court finds that it does.

FACTUAL BACKGROUND

**I.   Case 4:08-CV-137**

In case 4:08-CV-137, Plaintiff GE Commercial Finance Business Property Corp. ("GE") sues Defendants William T. Heard, Jr. ("Heard"), individually, and Heardco, L.P.  GE alleges that it provided loans for the real property on which three of Heard's auto dealerships were located.  One of the dealerships was located in Florida, and the parties appear to agree that the claim related to this dealership is governed by Florida law.  (*See, e.g.,* Defs.' Mem. in Opp'n to Pls.' Mot. to Strike Defs.' Requests for Jury Trial 10; Pls.' Mem. in Supp. of Mot. to Strike Defs.' Requests for Jury Trial 6 n.2.)  The other two dealerships were located in Georgia, and loan documents associated with these dealerships contain Georgia choice-of-law provisions.  (*See* Ex. E to Compl. 3; Ex. G to Compl. 5 ¶ 14; Ex. I to Compl. 3; Ex. K to Compl. 5 ¶ 14.)  Each loan was secured by the real property, and each loan was unconditionally guaranteed by Heard. GE contends that (1) each of the loans went into default; (2) it notified Defendants of the defaults and sent letters demanding payment; and (3) Defendants failed to pay the sums due within the ten

days provided for in the demand letters. GE brings this action for breaches of the note signed by Heardco and the guaranties associated with each dealership.[1]  GE contends that it is now entitled to the entire remaining principal balance and all accrued interest on each loan. In addition, GE seeks "reasonable" attorney fees under Florida law for the breach of the note and guaranty associated with the Heard Orlando dealership located in Florida. GE also seeks attorney fees under O.C.G.A. § 13-1-11 for breaches of the notes and guaranties associated with the two Georgia dealerships.

## II.  Case 4:08-CV-138

In case 4:08-CV-138, Plaintiff General Electric Capital Corp. ("GECC") sues Defendant Heard individually. GECC alleges that Georgia Services Group, LLC ("GSG") executed a promissory note in favor of GECC so that GSG could acquire a Learjet. GECC had a security interest in the aircraft, and Heard unconditionally guaranteed the note. GECC alleges that (1) GSG defaulted; (2) Heard was notified of the defaults in demand letters; and (3) Heard failed to pay the sums due under the loan and the guaranty. GECC brings the current lawsuit for breach of Heard's guaranty agreement, which was executed in Georgia. (*See* Defs.' Mem. in Opp'n to Pl.'s Mot. to

---

[1]Two of the three dealership entities involved in this case, Heard Orlando and Twentieth Century, filed for bankruptcy in the U.S. Bankruptcy Court for the Northern District of Alabama, Northern Division. As of the date the Complaint in this case was filed, neither Heardco nor Heard individually had filed for bankruptcy protection.

Strike Defs.' Requests for Jury Trial 2.)   GECC also contends it is entitled to attorney fees pursuant to O.C.G.A. § 13-1-11.

DISCUSSION

Defendants specifically demanded jury trials in their answers and in separate documents requesting jury trials.  Plaintiffs contend that Defendants contractually waived their rights to a jury trial based upon the inclusion of jury trial waivers in the documents signed by Defendants upon which Plaintiffs' claims are based. Defendants respond that Georgia law, which prohibits pre-litigation contractual jury trial waivers, nullifies any such waivers in the contracts governed by Georgia law.  Defendants further contend that even if Georgia law does not apply, these waivers were not knowingly and voluntarily executed, and thus they are not enforceable under federal law.

For the following reasons, the Court finds that the waivers were knowingly and voluntarily executed, and the waiver in the Florida contract is therefore enforceable.  However, the Court finds that the waivers in the Georgia contracts are not valid under Georgia law, and therefore, those waivers are not enforceable.

I.   **The Georgia Contract Claims**

It is an elementary principle of judicial federalism that in cases in federal court based upon diversity of citizenship, the federal court is bound by the substantive law of the state where the district court is sitting.  *See Erie R.R. Co. v. Tompkins*, 304 U.S.

4

64, 78 (1938).  This includes the application of choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941); *see also Frank Briscoe Co. v. Ga. Sprinkler Co.,* 713 F.2d 1500, 1503 (11th Cir. 1983); *Luse v. Valley Steel Prods. Co.,* 293 F.2d 625, 626 (5th Cir. 1961).[2]  Georgia, the forum state here, follows the traditional rule of *lex loci contractus.  Gen. Tel. Co. of Se. v. Trimm,* 252 Ga. 95, 96, 311 S.E.2d 460, 462 (1984).  "Under this approach, [contracts] are to be governed as to their nature, validity and interpretation by the law of the place where they were made . . . ." *Id.* at 95; 311 S.E.2d at 461 (internal quotation marks omitted) (first alteration in original).  Therefore, as to the Georgia contracts, Georgia law shall apply in determining their validity.

Under Georgia law, a pre-litigation contractual jury trial waiver is unenforceable.  *Bank S., N.A. v. Howard*, 264 Ga. 339, 340, 444 S.E.2d 799, 800 (1994) (holding that "pre-litigation contractual waivers of jury trial are not provided for by [the Georgia] Constitution or Code and are not to be enforced in cases tried under the laws of Georgia").  Therefore, the contractual jury trial waivers in the Georgia contracts are void and unenforceable under Georgia law, and Defendants undeniably would have been entitled to a jury trial had these claims been brought in the state courts of Georgia.

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Moreover, under general *Erie* principles, this federal court is bound by Georgia law and likewise finds the contractual jury trial waivers void and unenforceable.

Plaintiffs, relying upon broad language in factually distinguishable precedent, argue that contractual jury trial waivers are always enforceable in federal court as long as they meet a "general federal law standard" of having been entered into knowingly and voluntarily. Plaintiffs are correct that federal courts often parrot the broad language of the Supreme Court that "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963) (per curiam); *see also Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007) ("When asserted in federal court, the right to a jury trial is governed by federal law."); *Med. Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 18 (1st Cir. 2002) ("In a diversity jurisdiction suit, the enforcement of a jury waiver is a question of federal, not state, law."). It is also true that "[t]he question of a waiver of a federally guaranteed constitutional right is, of course, a federal question controlled by federal law." *Brookhart v. Janis*, 384 U.S. 1, 4 (1966); *see also Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) ("The question of a waiver of a constitutional right, including the Seventh Amendment right to a jury trial, is a federal question controlled by federal law. Federal

6

courts apply federal law in determining whether a contractual jury trial waiver is enforceable." (internal citations omitted)). Based on these cases, Plaintiffs argue that Georgia law invalidating such contractual jury trial waivers must yield to the "general federal law" on this subject, which Plaintiffs argue mandates the enforcement of contractual jury trial waivers that are entered into knowingly and voluntarily.

The Court finds that Plaintiff's analysis stretches the foregoing precedents beyond the bounds of *Erie*. A careful analysis of the applicable precedent reveals an important distinction that Plaintiffs (and quite frankly some courts) ignore. Because the vast majority of states permit pre-litigation contractual jury trial waivers, the application of state law in the cases relied upon by Plaintiffs would likely have had the effect of restricting one's federal constitutional right to a jury trial. Therefore, those courts correctly held that in determining whether a state could *restrict* one's right to a jury trial, the state law at a minimum had to protect one's federal right to a jury trial under the U.S. Constitution. Thus, any contractual waiver of a jury trial under state law must assure that the waiver complies with the federal constitutional standard of being knowing and voluntary. This does not mean, however, that the "general federal law" (whatever that may be) *mandates* that all contractual waivers entered into knowingly and voluntarily shall always be enforced in actions filed in federal

7

court.   To accept this proposition, one would have to find in the U.S. Constitution a federally protected interest in the enforcement of a party's contractual *forfeiture* of the right to a jury trial. While there is certainly an important federal interest in protecting the right *to* a jury trial, this Court cannot find anywhere a federal interest in protecting the right *from* a jury trial.

By ignoring the foregoing distinction, Plaintiffs would have this Court ignore Georgia law when determining the validity of a contractual provision entered into under Georgia law.   Moreover, Plaintiffs' argument would require the court to ignore a sovereign state's determination as to how contracts should be interpreted even though there is no federal interest implicated in the action other than the *expansion* of the right to a jury trial and the fact that the action found its way into a federal court because the parties happen to be from different states.   This Court rejects this invitation to ignore the principles underlying *Erie,* particularly when it is abundantly clear that states "are free to extend more sweeping constitutional guarantees to their citizens than does federal law, as federal constitutional law constitutes the floor, not the ceiling, of constitutional protection." *Kreimer v. Bureau of Police for Town of Morrison*, 958 F.2d 1242, 1269 (3d Cir. 1992)*; see also Justice v. City of Peachtree City*, 961 F.2d 188, 194 n.1 (11th Cir. 1992) ("States are free to provide [their] residents and visitors with more protection than the United States Constitution requires.").   It

8

follows that a state may therefore determine as a matter of state law that certain constitutional rights are simply not waivable, just as Georgia has done here. *See also Grafton Partners, L.P. v. Superior Court*, 116 P.3d 479, 492 (Cal. 2005) (outlawing pre-litigation contractual jury trial waivers as a matter of state law). This important right under Georgia law cannot be forfeited simply because a citizen is sued in federal court when the enforcement of this right is not contrary to the U.S. Constitution.

*Erie* and its progeny clearly contemplate that a federal district court in a state law breach of contract action, where federal jurisdiction is based upon diversity of citizenship, shall apply the law of the state in which it sits in determining the validity and interpretation of the contract in question. The caveat recognized by *Erie* and its progeny is that the application of substantive state law is appropriate to the extent that its application does not restrict one's federal rights under the federal constitution. *See, e.g., Klaxon Co.,* 313 U.S. at 496 (noting that "our federal system . . . leaves to a state, *within the limits permitted by the Constitution,* the right to pursue local policies diverging from those of its neighbors")(emphasis added)). Here, the application of Georgia law does not restrict one's right to a jury trial. To the contrary, Georgia law expands that right and guarantees the right to a jury trial even if the parties contractually waived that right prior to engaging in the litigation. The Court finds this distinction to be

important.  Since the state law that presumptively applies does not
diminish a federal right that either party possesses, it must be
applied under *Erie*.[3]  Thus, the Court finds that the contractual jury
trial waivers in the Georgia contracts are null and void under
Georgia law and consequently not enforceable in this action.[4]

## II.  The Florida Contract

Under Florida law, "contractual waivers of the right to a jury
trial are enforceable and will be upheld." *Gelco Corp. v. Campanile
Motor Svc., Inc.*, 677 So.2d 952, 952 (Fla. Dist. Ct. App. 1996).
Such waivers are not void as against Florida's public policy. *Credit
Alliance Corp. v. Westland Mach. Corp.*, 439 So.2d 332, 333 (Fla.

---

[3]The Court notes that the presumption that a court should apply state
law in a diversity action "is particularly strong where 'private parties
have entered legal obligations with the expectation that their rights and
obligations would be governed by state-law standards.'" *Edwards v. Kia
Motors of Am., Inc.,* 554 F.3d 943, 945 (11th Cir. 2009).  The Twentieth
Century note and guaranty and the Heardco note and guaranty each contain
Georgia choice-of-law provisions. (*See* Ex. E to Compl. 3; Ex. G to Compl.
5 ¶ 14; Ex. I to Compl. 3; Ex. K to Compl. 5 ¶ 14.)

[4]The Court makes two final observations.  First, it does not find the
traditional substantive versus procedural *Erie* analysis helpful here.  As
recognized by the Court of Appeals, that analysis has yielded less than
clear guideposts. *See Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300,
1305 (11th Cir. 2002) (noting that "the distinction between substance and
procedure can be far from self-evident").  Nevertheless, even using this
traditional terminology, it appears clear that the validity of a
contractual provision that has the effect of restricting one's right to
a jury trial unless state law that invalidates such a provision is applied
involves substantive rather than procedural law. Second, the Court notes
that at least one other circuit apparently shares this Court's *Erie*
concerns regarding the tendency to ignore state law whenever the right to
a jury trial is even mentioned.  *See IFC Credit Corp. v. United Bus. &
Indus. Fed. Credit Union*, 512 F.3d 989, 991-92 (7th Cir. 2008) (holding
that state law governs the validity of a contractual agreement to a bench
trial).

Dist. Ct. App. 1983) (per curiam). "A trial court commits error when it chooses to ignore the parties' contractual waiver of a jury trial and orders a common law jury trial unless there is a showing why the waiver should not be enforced[.]" *Gelco Corp.*, 677 S.2d at 952-53.

Under Florida law, the jury trial waiver provisions in the Heard Orlando loan documents are enforceable. *See, e.g., Credit Alliance Corp.*, 439 So.2d at 333 (holding that a contractual jury trial waiver was enforceable when "[t]he contract in question was agreed to by experienced businessmen" and there was no evidence of unconscionability, even though the provision was "buried in boiler plate" and one of the parties to the contract had never read it); *cf. also Fotomat Corp. of Fla. v. Chanda*, 464 So.2d 626, 631 (Fla. Dist. Ct. App. 1985) (finding neither procedural nor substantive unconscionability in contract provision limiting liability when (1) plaintiff was "well educated, experienced in business transactions, and well aware of what he was signing," even though he was given no opportunity to negotiate the terms of the provision, and (2) the provision was commercially reasonable, as evidenced in part by unrebutted testimony that the contractual provision was standard in the industry). Therefore, the waiver in the Heard Orlando note and guaranty is enforceable as long as it does not violate Defendants' federal right to a jury trial.

Federal courts have recognized that "[a] party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is

11

knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006). Defendants contend the waiver in the Heard Orlando documents must be invalidated because it was not knowingly and voluntarily executed. Courts generally consider "the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable" to determine whether a waiver was knowing and voluntary. *Id.* "In this consideration, it is not whether any particular number of factors have been satisfied, but whether, 'in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair.'" *Wisthle Inv. Group, LLC v. CR Hancock Bridge, LLC*, No. 2:08-cv-281-FtM-DNF, 2008 WL 2686963, at *2 (M.D. Fla. June 30, 2008) (quoting *Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004)). A circuit split exists regarding which party bears the burden of proving whether the contractual jury waiver was knowing and voluntary, and the Eleventh Circuit does not appear to have ruled on the issue. *See Bakrac, Inc.* at 824 n.1 (finding that the district court had placed the burden on the party seeking to enforce the burden, but declining to decide whether that was the correct approach). The majority of courts place the burden on the party seeking the benefit of the waiver. *See RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 813 (N.D. Tex. 2002).

12

Defendants concede that the jury trial waiver was conspicuous. (*See* 4:08-cv-137, Defs.' Mem. in Opp'n to Pls.' Mot. to Strike Defs.' Requests for Jury Trial 11.) Defendants contend, however, that other evidence weighs against a finding that the waiver was executed knowingly and voluntarily. Defendants aver they had no ability to negotiate the terms of the contract and that the loans were conditioned on the execution of the contracts in the forms presented by Plaintiffs. (Vaught Aff. ¶¶ 11-13, Jan. 9, 2009.) Defendants also argue that Plaintiffs failed to produce admissible evidence regarding the relative sophistication of the parties and the relative bargaining positions of the parties.[5] Regardless of which party bears the burden of proof on this issue, the record contains sufficient evidence to permit the Court to find that the waiver was knowing and voluntary.

First, although Defendants contend that Plaintiffs have failed to produce admissible evidence of the parties' sophistication, it is undisputed that Defendants were represented by counsel when they executed the waivers. (4:08-cv-137, Defs.' Mem. in Opp'n to Pls.' Mot. to Strike Defs.' Requests for Jury Trial 11.) Defendants' counsel provided opinion letters to Defendants analyzing the legal issues present in the loan and guaranty documents. Although the

---

[5]Plaintiffs propose that the Court take judicial notice of Heard's business acumen. Because this information is not the type of information that is a proper subject for judicial notice, the Court declines to do so. *See Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (noting that proper subjects for judicial notice are most often (1) scientific facts; (2) matters of geography; and (3) matters of political history).

opinion letters do not specifically mention the jury trial waiver, they do state that (1) Heard was under no disability or incapacity that would invalidate the guarantee and (2) the documents are legal, valid, and binding. (*See, e.g.,* Vaught Aff. ¶ 7.)   Even if Defendants were to argue—somewhat disingenuously—that they were not "sophisticated parties" themselves, they were certainly represented by sophisticated counsel during the transactions at issue.   *See Allyn*, 347 F. Supp. 2d at 1252 (noting that courts often consider whether a party was represented by counsel when determining whether a waiver was knowing and voluntary).

The Court likewise rejects Defendants' contention that the waiver should be invalidated because of any disparity in bargaining power between the parties.   While it is true that the Vaught affidavit is some evidence that the parties were unable to negotiate the terms of the guaranties at issue, there is no evidence "of the sort of 'extreme bargaining disadvantage' or 'gross disparity in bargaining position' that can render a waiver invalid." *Conn. Nat'l Bank v. Smith*, 826 F. Supp. 57, 60 (D.R.I. 1993) (refusing to accept defendants' "economic duress type of argument" in factually similar case); *cf. also Winiarski v. Brown & Brown, Inc.*, No. 5:07-cv-409-Oc-10GRJ, 2008 WL 1930484, at *2 (M.D. Fla. May 1, 2008) ("The mere fact that an employee signs an employment agreement containing a jury trial waiver in a 'take it or leave it' situation does not make the waiver unenforceable or unconscionable. . . .   Nor do such

14

circumstances rise to the level of duress."). Furthermore, "any inequality that might have existed was counter-balanced by the defendants' sophistication and retention of counsel to oversee the transaction." *Conn. Nat'l Bank*, 826 F. Supp. at 60.

In sum, the Court concludes that the jury trial waivers contained in the documents governed by Florida law were made knowingly, intelligently, and voluntarily. Defendants were represented by sophisticated counsel when they signed conspicuous waiver provisions, and there is simply no evidence of the type of disparity in bargaining power that might render a waiver invalid. The Court therefore strikes Defendants' requests for jury trial to the extent the documents containing the jury trial waivers are governed by Florida law.

CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' motions to strike Defendants' jury demands (4:08-CV-137 Doc. 17 & 4:08-CV-138 Doc. 12). The claims arising from the Georgia contracts shall be determined by a jury. The claims arising from the Florida contract shall be determined by the Court.

IT IS SO ORDERED, this 18th day of May, 2009.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE